Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered on or about February 10, 2011, which granted defendants’ motion for summary judgment dismissing plaintiffs Labor Law § 241 (6) claim, predicated on a violation of 12 NYCRR 23-2.2 (a), reversed, on the law, without costs, and upon a search of the record, summary judgment granted to plaintiff.
Plaintiff was working as a carpenter on the construction of a new building in Manhattan when the back wall of a “form” fell on and injured his hand. In this instance, a “form” refers to a *842 mold used in the fabrication of concrete walls. The form is made of two metal walls with a space between them, into which liquid concrete is poured. Workers remove the form after the concrete hardens.
In an order entered July 2, 2007, the Court of Appeals directed the motion court to hold a hearing to determine if the words of the regulation at issue here, Industrial Code (12 NYCRR) § 23-2.2 (a), “can sensibly be applied to anything but completed forms” (9 NY3d 47, 51 [2007]). This regulation requires that forms used on construction sites “be properly braced or tied together so as to maintain position and shape” (12 NYCRR 23-2.2 [a]).
At the framed issue hearing, the testimony of both plaintiffs and defendants’ experts showed that the regulation could sensibly be applied to forms as they are being constructed, before they are ready to have liquid concrete poured into them. Both experts referred to the metal wall that fell on plaintiff as a “form.” They concurred on the enormity of the structure, a wall, 30 feet high by 30 feet wide, weighing over 2,500 pounds, that was hoisted by workers into an upright and vertical position. The experts agreed that the form must be braced to withstand wind loads, vibrations and contact by humans and equipment and that a form wall, once hoisted upright, might be left in that vertical stance for days. Most significantly, they both agreed that once upright, the back form wall must be braced to maintain that position.
The operative language of section 23-2.2 (a) is that forms shall be “braced or tied ... so as to maintain [their] position and shape.” The erection of the back form wall is essentially the first step in this process. It defies common sense to think that the form could be structurally safe and maintain its final position and shape, if the back wall that anchors the structure is prone to falling over and collapsing because there is no requirement that it “be properly braced.” The experts all agreed that once upright, the back form wall must be braced to maintain that position. Indeed, that the back wall fell on plaintiff indicates that it did not maintain its position and could not have ultimately maintained its shape, making it clear that it was not “properly braced” as required by the regulation. Moreover, it defies logic to limit the Code’s directive where the danger posed to workers from these forms is so great, given that they are often hoisted to upright positions without adequate safety bracing and may remain standing for days prior to completion.
Defendants’ and the dissent’s argument that 12 NYCRR 23-2.2 (a) applies only to completed forms is unavailing. Their in *843 terpretation of the expert’s testimony at the hearing lacks support in the record.
Moreover, the cases defendants cite in support of this argument are distinguishable. In Mueller v PSEG Power N.Y., Inc. (83 AD3d 1274 [2011]), the plaintiff’s accident occurred after workers had removed the forms from their vertical position and stacked them for disassembly and storage on the ground at the same elevation as the plaintiff. The plaintiff was injured when a crane cable inadvertently snagged, lifting and then dropping the forms to the ground, where they fell against the plaintiffs leg (83 AD3d at 1274). The Mueller court held that 12 NYCRR 23-2.2 (a) did not apply to the forms, where, at the time of the plaintiffs accident, they were in the process of being stored (83 AD3d at 1275-1276). Here, the form wall at issue was not being stored. Rather, workers had set up the back wall in its full upright position to receive concrete. In McCormick v 257 W. Genesee, LLC (78 AD3d 1581 [2010]), the plaintiff tripped and fell on a protruding pin workers had stored on a form at the site. Thus, unlike the back wall at issue here, that plaintiffs injury was unrelated to the stability of the structure (id. at 1582-1583). Concur — Andrias, Saxe, Moskowitz and Acosta, JJ.
Tom, J.E dissents in a memorandum as follows: